J-S20021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ASHLEY MARIE EVANS | : | |
| | : | |
| Appellant | : | No. 1093 MDA 2020 |

Appeal from the PCRA Order Entered July 21, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0006128-2017,
CP-22-CR-0006163-2017

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED:  NOVEMBER 16, 2021**

Appellant, Ashley Marie Evans, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which dismissed her first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Appellant fired several shots at, but did not hit, the victim on September 20, 2017.  Resulting from this incident, the Commonwealth charged Appellant with several offenses on two separate dockets.  On October 30, 2018, following a bench trial, the court convicted Appellant as follows: (1) on docket number 6163 CR 2017, of Criminal Attempt – Criminal Homicide and Firearms not to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

be Carried Without a License, and (2) on docket number 6128 CR 2017, of Receiving Stolen Property. The court sentenced Appellant on December 18, 2018, to an aggregate 8-16 years' imprisonment plus seven years' probation. Appellant did not file any post-sentence motions or a direct appeal.

On November 1, 2019, Appellant timely filed a *pro se* PCRA petition alleging ineffective assistance of trial counsel. Specifically, Appellant claimed: (1) trial counsel ignored her requests during the proceedings and made decisions without her consent; (2) trial counsel did not inform her of any potential plea bargain options; and (3) trial counsel was prejudiced against Appellant due to her sexual orientation. Appellant also alleged there was a lack of evidence to support her convictions. (**See** *Pro Se* PCRA Petition, filed 11/1/19, at 4, 8).

The court appointed counsel on November 7, 2019, who filed a motion to withdraw and "no-merit" letter on January 21, 2020, pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In the no-merit letter, PCRA counsel purported to analyze the claims raised in the *pro se* petition, but counsel acknowledged that Appellant's claims lacked specificity, and that her boilerplate allegations did not entitle Appellant to relief.

On June 25, 2020, the court granted counsel's motion to withdraw and filed a notice of intent to dismiss Appellant's PCRA petition without a hearing

pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on July 17, 2020, raising claims of PCRA counsel's ineffectiveness and reiterating her claims of trial counsel's ineffectiveness. Regarding PCRA counsel's alleged ineffectiveness, Appellant claimed that PCRA counsel did not communicate with her at all. Appellant alleged that her first correspondence with PCRA counsel was receipt of the no-merit letter. Appellant acknowledged that some of her claims in the *pro se* PCRA petition were vague, but Appellant expected PCRA counsel to elaborate on those claims after consultation with Appellant.

Regarding trial counsel's alleged ineffectiveness, Appellant maintained that trial counsel failed to object to evidence, conduct adequate cross-examination, or highlight certain DNA evidence (or a lack of DNA evidence) at trial. Appellant also alleged that trial counsel failed to file post-sentence motions or a direct appeal, and essentially abandoned Appellant after sentencing. Appellant insisted that trial counsel did not consult with her about filing a direct appeal and did not file a direct appeal even though Appellant asked counsel to do so. Appellant sought restoration of her appellate rights, time to amend her PCRA petition, and/or the appointment of new counsel.

The court did not permit Appellant an opportunity to amend her petition and denied PCRA relief on July 21, 2020. Appellant timely appealed.[2] On

---

[2] Although Appellant's notice of appeal was not docketed until August 24, 2020, it is dated August 18, 2020. Giving Appellant the benefit of the "prisoner mailbox rule," we deem the filing timely. ***See Commonwealth v.***
*(Footnote Continued Next Page)*

- 3 -

August 31, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal; Appellant complied.[3]

Appellant raises two issues for our review:

> Did the PCRA court err by dismissing Appellant's PCRA claiming that trial counsel was ineffective representing Appellant due to his "dislike" toward her based on her sexuality[?] This causing him to fail in defending her according to her Sixth Amendment Due Process [r]ights, therefore[,] violating her 6th Amendment [r]ight to fair representation?

> Did the PCRA court err by dismissing Appellant's PCRA petition without an evidentiary hearing because there were factual issues present herein that required resolution before the matter could be dismissed?

_____

***Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining *pro se* prisoner's document is deemed filed on date she delivers it to prison authorities for mailing).

[3] On July 13, 2021, this Court retained panel jurisdiction and remanded for the filing of a supplemental PCRA court opinion, because the PCRA court had erroneously concluded that Appellant's appeal was subject to quashal under ***Commonwealth v. Walker***, 646 Pa. 456, 185 A.3d 969 (2018). Nevertheless, the filing of a single notice of appeal listing both underlying docket numbers did not warrant quashal here, where the PCRA court had misinformed Appellant about the manner in which to take an appeal. Specifically, the court's order denying PCRA relief instructed Appellant to "appeal this Order" (which contained both underlying docket numbers in the caption), suggesting that Appellant needed to file only one notice of appeal from the PCRA court order pertaining to both docket numbers. The court's misstatement in this regard constituted a breakdown in the operations of the court. ***See Commonwealth v. Larkin***, 235 A.3d 350, 354 (Pa.Super. 2020) (*en banc*), *appeal denied*, ___ Pa. ___, 251 A.3d 773 (2021) (declining to quash appeal under ***Walker*** where PCRA court utilized singular language in order informing defendant of appellate rights). Following our remand, the PCRA court issued a supplemental opinion. The parties have declined to file supplemental briefs in response to the supplemental opinion.

(Appellant's Brief at 4) (some capitalization omitted).

In her issues combined, Appellant argues that trial counsel provided ineffective assistance because he disliked that Appellant is a lesbian. Based on trial counsel's alleged disdain of Appellant, Appellant asserts that trial counsel failed to defend her adequately at trial. Specifically, Appellant claims trial counsel failed to: (1) discuss the advantages/disadvantages of a bench trial versus a jury trial with her; (2) file pre-trial motions to suppress evidence and witness testimony; (3) pursue DNA evidence and emphasize that Appellant's DNA was not on the vehicle or gun used in the shooting; (4) pursue fingerprint evidence on the gun and vehicle; (5) highlight the witnesses' conflicting testimony regarding the shooter; (6) challenge the discretionary aspects of sentencing; (7) attempt to negotiate a plea bargain on Appellant's behalf; or (8) file an appeal on Appellant's behalf notwithstanding her request for counsel to do so. Appellant insists the court should have held an evidentiary hearing to resolve the factual issues of whether trial counsel was ineffective.

Further, Appellant alleges PCRA counsel was ineffective. Appellant asserts that PCRA counsel failed to communicate with her about the issues she wanted to pursue in her PCRA petition. Appellant claims PCRA counsel's *Turner/Finley* letter was incomplete because it did not address issues Appellant wanted to raise. Appellant concludes the court's denial of PCRA relief was improper under these circumstances, and this Court must vacate

and remand for a new trial, or an evidentiary hearing in the PCRA court. We agree that Appellant is entitled to some limited relief.

As a preliminary matter, Pennsylvania Rule of Criminal Procedure 905 provides:

> **Rule 905. Amendment and Withdrawal of Petition for Post-Conviction Collateral Relief**
>
> (A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.
>
> (B) When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.
>
> \* \* \*
>
> *Comment*: "Defective," as used in paragraph (B), is intended to include petitions that are inadequate, insufficient, or irregular for any reason; for example, petitions that lack particularity; petitions that do not comply substantially with Rule 902; petitions that appear to be patently frivolous; petitions that do not allege facts that would support relief; petitions that raise issues the defendant did not preserve properly or were finally determined at prior proceedings.
>
> \* \* \*

Pa.R.Crim.P. 905(A)-(B), *Comment*. This rule "provides PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or

presentation." ***Commonwealth v. McGill***, 574 Pa. 574, 591, 832 A.2d 1014, 1024 (2003). "Adherence to this liberal standard for amendment is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court." ***Commonwealth v. Crispell***, 648 Pa. 464, 483, 193 A.3d 919, 929 (2018).

Instantly, the record confirms that most of Appellant's claims as presented in the *pro se* PCRA petition contained boilerplate allegations which ordinarily would not entitle Appellant to relief. ***See Commonwealth v. Chmiel***, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (stating: "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective"). Nevertheless, Appellant filed a *pro se* response to the Rule 907 notice attempting to specify her claims and adding new claims of error. Appellant expressly sought, *inter alia*, leave to amend her PCRA petition, but the PCRA court did not grant her request and simply denied PCRA relief.

In its supplemental opinion, the PCRA court explains that it denied relief on some of Appellant's claims for their lack of specificity. (**See** PCRA Court Opinion, dated August 11, 2021, at 7, 8). With respect to other claims Appellant had raised for the first time in response to Rule 907 notice, such as trial counsel's alleged failure to file a requested direct appeal on Appellant's behalf, the PCRA court deemed such claims waived for failure to raise them in the *pro se* PCRA petition. (**See id.** at 10). By denying Appellant's request to

amend her petition, however, the PCRA court effectively thwarted Appellant from preserving these claims. In light of the liberal policy favoring amendments to PCRA petitions and Appellant's express request to do so, the best resolution of this case is to vacate and remand for further proceedings. *See* Pa.R.Crim.P. 905; ***Crispell, supra***; ***McGill, supra***. Upon remand, the PCRA court shall allow Appellant an opportunity to amend her PCRA petition to specify her claims. Thereafter, the PCRA court shall proceed as it deems appropriate. Accordingly, we vacate and remand with instructions.

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judge Musmanno joins this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2021